IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

19-50710

Fill in this information to identify your case:

| | | | | |
|---|---|---|---|---|
| Debtor 1 | **Donald A. Cox** | | | |
| | First Name | Middle Name | Last Name | |
| Debtor 2 | | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name | |
| Case number | | | | |
| (If known) | | | | |

☐ Check if this is an amended plan.

# Chapter 13 Plan and Motion

[Pursuant to Fed. R. Bankr. P. 3015.1, the Southern District of Georgia General Order 2017-3 adopts this form in lieu of the Official Form 113].

1. **Notices.** Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as not being contained in the plan or if neither or both boxes are checked, the provision will be ineffective if set out in the plan.

    (a) This plan:
    ☑ contains nonstandard provisions. See paragraph 15 below.
    ☐ does not contain nonstandard provisions.

    (b) This plan:
    ☑ values the claim(s) that secures collateral. See paragraph 4(f) below.
    ☐ does not value claim(s) that secures collateral.

    (c) This plan:
    ☑ seeks to avoid a lien or security interest. See paragraph 8 below.
    ☐ does not seek to avoid a lien or security interest.

2. **Plan Payments.**

    (a) The Debtor(s) shall pay to the Chapter 13 Trustee (the "Trustee") the sum of $**170.00** for the applicable commitment period of:

    ☐ 60 months: **or**

    ☑ a minimum of 36 months. See 11 U.S.C. § 1325(b)(4).

    (If applicable include the following: These plan payments will change to $_____ monthly on _____.)

    (b) The payments under paragraph 2(a) shall be paid:

    ☑ Pursuant to a Notice to Commence Wage Withholding, the Debtor(s) request(s) that the Trustee serve such Notice(s) upon the Debtor's(s') employer(s) as soon as practicable after the filing of this plan. Such Notice(s) shall direct the Debtor's(s') employer(s) to withhold and remit to the Trustee a dollar amount that corresponds to the following percentages of the monthly plan payment:

    ☑ Debtor 1  __**100**__ %  ☐ Debtor 2 ____%

    ☐ Direct to the Trustee for the following reason(s):
       ☐ The Debtor(s) receive(s) income solely from self-employment, Social Security, government assistance, or retirement.
       ☐ The Debtor(s) assert(s) that wage withholding is not feasible for the following reason(s):
       _____

    (c) Additional Payments of $**0.00** (estimated amount) will be made on ___,__ (anticipated date) from (source, including income tax refunds).

3. **Long-Term Debt Payments.**

    (a) **Maintenance of Current Installment Payments.** The Debtor(s) will make monthly payments in the manner specified as follows on the following long-term debts pursuant to 11 U.S.C. § 1322(b)(5). These postpetition payments will be disbursed by either the Trustee or directly by the Debtor(s), as specified below. Postpetition payments are to be applied to postpetition amounts owed for principal, interest, authorized postpetition late charges and escrow, if applicable. Conduit payments that are to be made by the Trustee which

Debtor   **Donald A. Cox**                             Case number   19-50710

become due after the filing of the petition but before the month of the first payment designated here will be added to the prepetition arrearage claim.

| CREDITOR | COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | PAYMENTS TO MADE BY (TRUSTEE OR DEBTOR(S)) | MONTH OF FIRST POSTPETITION PAYMENT TO CREDITOR | INITIAL MONTHLY PAYMENT |
|---|---|---|---|---|---|
| **-NONE-** | | | | | |

  (b) **Cure of Arrearage on Long-Term Debt.** Pursuant to 11 U.S.C. § 1322(b)(5), prepetition arrearage claims will be paid in full through disbursements by the Trustee, with interest (if any) at the rate stated below. Prepetition arrearage payments are to be applied to prepetition amounts owed as evidenced by the allowed claim.

| CREDITOR | DESCRIPTION OF COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | ESTIMATED AMOUNT OF ARREARAGE | INTEREST RATE ON ARREARAGE (if applicable) |
|---|---|---|---|---|
| **-NONE-** | | | | |

4.   **Treatment of Claims.** From the payments received, the Trustee shall make disbursements as follows unless designated otherwise:
   (a)   **Trustee's Fees.** The Trustee percentage fee as set by the United States Trustee.

   (b)   **Attorney's Fees.** Attorney's fees allowed pursuant to 11 U.S.C. § 507(a)(2) of $**3,895.00**.

   (c)   **Priority Claims.** Other 11 U.S.C. § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

   (d)   **Fully Secured Allowed Claims.** All allowed claims that are fully secured shall be paid through the plan as set forth below.

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| **-NONE-** | | | | |

   (e)   **Secured Claims Excluded from 11 U.S.C. § 506 (those claims subject to the hanging paragraph of 11 U.S.C. § 1325(a)).** The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the plan with interest at the rate stated below:

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| **-NONE-** | | | | |

   (f)   **Valuation of Secured Claims to Which 11 U.S.C. § 506 is Applicable.** The Debtor(s) move(s) to value the claims partially secured by collateral pursuant to 11 U.S.C. § 506 and provide payment in satisfaction of those claims as set forth below. The unsecured portion of any bifurcated claims set forth below will be paid pursuant to paragraph 4(h) below. The plan shall be served on all affected creditors in compliance with Fed. R. Bankr. P. 3012(b), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | DESCRIPTION OF COLLATERAL | VALUATION OF SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| **Farmers Furniture** | | 800.00 | 5.25% | 24.07 |

   (g)   **Special Treatment of Unsecured Claims.** The following unsecured allowed claims are classified to be paid at 100%

☐ with interest at ____% per annum; **or** ☐ without interest:

**None**

   (h)`   **General Unsecured Claims.** Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in paragraph 4(f) or paragraph 9 of this plan, will be paid a **0.00**% dividend or a pro rata share of $**0.00**, whichever is greater.

5.   **Executory Contracts.**
   (a)   **Maintenance of Current Installment Payments or Rejection of Executory Contract(s) and/or Unexpired Lease(s).**

Debtor **Donald A. Cox**   Case number 19-50710

| CREDITOR | DESCRIPTION OF PROPERTY/SERVICES AND CONTRACT | ASSUMED/REJECTED | MONTHLY PAYMENT | DISBURSED BY TRUSTEE OR DEBTORS |
|---|---|---|---|---|
| **-NONE-** | | | | |

   **(b)**   **Treatment of Arrearages.** Prepetition arrearage claims will be paid in full through disbursements by the Trustee.

| CREDITOR | ESTIMATED ARREARAGE |
|---|---|
| **-NONE-** | |

**6.**   **Adequate Protection Payments.** The Debtor(s) will make pre-confirmation lease and adequate protection payments pursuant to 11 U.S.C. § 1326(a)(1) on allowed claims of the following creditors: ☐ Direct to the Creditor; **or** ☑ To the Trustee

| CREDITOR | ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT |
|---|---|
| **Farmers Furniture** | **8.00** |

**7.**   **Domestic Support Obligations.** The Debtor(s) will pay all postpetition domestic support obligations direct to the holder of such claim identified here. See 11 U.S.C. § 101(14A). The Trustee will provide the statutory notice of 11 U.S.C. § 1302(d) to the following claimant(s):

| CLAIMANT | ADDRESS |
|---|---|
| **Wendy Cox c/o Child Support Services** | **215 B Albany Avenue, Waycross, Georgia 31501** |

**8.**   **Lien Avoidance.** Pursuant to 11 U.S.C. § 522(f), the Debtor(s) move(s) to avoid the lien(s) or security interest(s) of the following creditor(s), upon confirmation but subject to 11 U.S.C. § 349, with respect to the property described below. The plan shall be served on all affected creditor(s) in compliance with Fed. R. Bankr. P. 4003(d), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | LIEN IDENTIFICATION (if known) | PROPERTY |
|---|---|---|
| **Access Loan Co.** | | **Ware Magistrate Court Judgment 2019-983-CC** |
| **Sterling Finance** | | **HHG** |
| **World Finance** | | **HHG** |

**9.**   **Surrender of Collateral.** The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below upon confirmation of the plan. The Debtor(s) request(s) that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed deficiency balance resulting from a creditor's disposition of the collateral will be treated as an unsecured claim in paragraph 4(h) of this plan if the creditor amends its previously-filed, timely claim within 180 days from entry of the order confirming this plan or by such additional time as the creditor may be granted upon motion filed within that 180-day period.

| CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF CLAIM SATISFIED |
|---|---|---|
| **Walker Jones** | **Honda CRV** | **Allow Deficiency** |

**10.**   **Retention of Liens.** Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by 11 U.S.C § 1325(a)(5).

**11.**   **Amounts of Claims and Claim Objections.** The amount, and secured or unsecured status, of claims disclosed in this plan are based upon the best estimate and belief of the Debtor(s). An allowed proof of claim will supersede those estimated claims. In accordance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure objections to claims may be filed before or after confirmation.

**12.**   **Payment Increases.** The Debtor(s) will increase payments in the amount necessary to fund allowed claims as this plan proposes, after notice from the Trustee and a hearing if necessary, unless a plan modification is approved.

**13.**   **Federal Rule of Bankruptcy Procedure 3002.1.** The Trustee shall not pay any fees, expenses, or charges disclosed by a creditor pursuant to Fed. R. Bankr. P. 3002.1(c) unless the Debtor's(s') plan is modified after the filing of the notice to provide for payment of such fees, expenses, or charges.

**14.**   **Service of Plan.** Pursuant to Fed. R. Bankr. P. 3015(d) and General Order 2017-3, the Debtor(s) shall serve the Chapter 13 plan on the Trustee and all creditors when the plan is filed with the court, and file a certificate of service accordingly. If the Debtor(s) seek(s) to limit the amount of a secured claim based on valuation of collateral (paragraph 4(f) above), seek(s) to avoid a security interest or lien (paragraph 8 above), or seek(s) to initiate a contested matter, the Debtor(s) must serve the plan on the affected creditors pursuant to Fed. R. Bankr. P. 7004. See Fed. R. Bankr. P. 3012(b), 4003(d), and 9014.

| Debtor | **Donald A. Cox** | Case number | 19-50710 |
|---|---|---|---|

15. **Nonstandard Provisions.** Under Fed. R. Bankr. P. 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise in this local plan form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

**Secured claims will be paid at 5.25% interest.**

**By signing below, I certify the foregoing plan contains no nonstandard provisions other than those set out in paragraph 15.**

Dated: **October 3, 2019**

**/s/ Donald A. Cox**
**Donald A. Cox**
  *Debtor 1*

  *Debtor 2*

**/s/ John T. Bolden**
**John T. Bolden 996780**
  *Attorney for the Debtor(s)*